# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**GEORGE GALAITSIS and
GIOANNIS J. (a/k/a JOHN)
SKARAKIS,**

|  |  |
|---|---|
| **Plaintiffs,** | |
| **-vs-** | **Case No. 4:19-CV013792** |
| | **Hon. Matthew F. Leitman** |

**BETA CAE SYSTEMS
INTERNATIONAL AG, a Switzerland
company, and JENNIFER
ATHANASIADIS, an individual,**

**Defendants.**

_____/

| | |
|---|---|
| **COUZENS, LANSKY, FEALK,** | **FOLEY & LARDNER LLP** |
| **  ELLIS, ROEDER & LAZAR, P.C.** | **By:    Mark A. Aiello (P43012)** |
| **By:    David A. Lawrence (P48630)** | **       Norman C. Ankers (P30533)** |
| **       Sarah Heisler Gidley (P53764)** | **       Jeffrey S. Kopp (P59485)** |
| **Attorneys for Plaintiffs** | **Attorneys for Defendant BETA CAE** |
| **39395 W. Twelve Mile Rd., Suite 200** | **  Systems International AG** |
| **Farmington Hills, MI  48331** | **500 Woodward Avenue, Suite 2700** |
| **(248) 489-8600** | **Detroit, MI  48226-3489** |
| **david.lawrence@couzens.com** | **(313) 234-7100** |
| **sarah.gidley@couzens.com** | **maiello@foley.com** |
| | **nankers@foley.com** |
| | **jkopp@foley.com** |

_____/

## FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiffs GEORGE GALAITSIS ("George") and GIOANNIS J. (a/k/a JOHN)

SKARAKIS ("John"), by and through their undersigned attorneys, for their First

Amended   Complaint   against   Defendants   BETA   CAE   SYSTEMS

COUZENS, LANSKY, FEALK, ELLIS, ROEDER & LAZAR, P.C.

INTERNATIONAL AG, a Switzerland company ("BETA-SWISS") and JENNIFER ATHANASIADIS ("Jennifer"), state as follows:

1.       This is an action between the shareholders of BETA CAE SYSTEMS U.S.A., INC., a Michigan corporation ("BETA-USA") with its principal office in Farmington Hills, Oakland County, Michigan.

2.       Plaintiff George Galaitsis is an individual residing in Michigan.  He owns 25% of the issued and outstanding stock of BETA-USA.

3.       Plaintiff John Skarakis is an individual residing in Michigan.  He owns 24% of the issued and outstanding stock of BETA-USA.

4.       Defendant Jennifer Athanasiadis is an individual residing, upon information and belief, in London, England, and conducting business in Michigan. She owned 51% percent of the issued and outstanding stock of BETA-USA, which she sold to BETA-SWISS in or about November 2018. While she was a shareholder she served as a director of BETA-USA.  Upon information and belief, Jennifer is also a member of Middlebelt Property, LLC, a Michigan limited liability company which owns the real property occupied in part by BETA-USA.

5.       Upon information and belief, Defendant BETA-SWISS is an entity organized under the laws of Switzerland with its headquarters in Root, Switzerland, and conducting business in Michigan. BETA-SWISS owns 51% of the issued and

outstanding stock of BETA-USA, which it purchased from Jennifer in or about November 2018.

6.     A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Farmington Hills, Michigan.

7.     The amount in controversy exceeds $75,000, exclusive of costs and interest.

8.     Subject matter jurisdiction is proper under 28 U.S.C. §1332(2).

9.     Personal jurisdiction over the Defendants is proper under MCL 600.705 because the Defendants (i) transacted business within the state; (ii) caused an act to be done, or consequences to occur, in the state resulting in an action for tort; (iii) own or owned personal property (corporate stock/membership interests) situated within the state; and/or (iii) acted as a director, manager, trustee or other officer of a corporation domiciled in this state.

10.    Venue is proper under 28 USC §1391.

11.    George and John are each a minority shareholder of BETA-USA.

12.    At all times relevant to this complaint, until November 2018, Jennifer was the majority shareholder of BETA-USA.

13.    At all times relevant to this complaint, since November 2018, BETA-SWISS is the majority shareholder of BETA-USA.

COUZENS, LANSKY, FEALK, ELLIS, ROEDER & LAZAR, P.C.

# BACKGROUND

14. Plaintiffs hereby restate and reallege the foregoing paragraphs as if fully set forth herein.

15. BETA-USA is an engineering services company specializing in software for the Computer-Aided Engineering ("CAE") field. BETA-USA's consulting services include, among other things, integration of engineering software, product development and software training for customers in automotive and other manufacturing industries.

16. BETA-USA was formed by George and John in 1997 to provide local support to Chrysler for a CAE related product known as ANSA.

17. The ANSA software was developed by Professor Georgios Athanasiadis ("Professor A.") at Aristotle University in Greece.

18. Professor A. owned 100% of the stock of BETA-USA.

19. George was employed by BETA-USA as its Vice President-Secretary and General Manager.

20. John was employed by BETA-USA as its Technical Director.

21. George and John received compensation based in large part upon BETA-USA's revenues.

22. Between 1997 and 1999 BETA-USA's revenues increased from approximately $350,000 to $2,000,000.

COUZENS, LANSKY, FEALK, ELLIS, ROEDER & LAZAR, P.C.

4

23.   Between 1997 and 1999, George and John worked diligently with Chrysler and other customers to establish a presence in the United States market and to ensure renewal of BETA's ANSA licenses.  George and John provided continuous support to the software end users in the United States (e.g. Chrysler).

24.   In addition, from 1997 to 1999 BETA-USA, through the work of George and John, sponsored Professor A.'s lab at Aristotle University and provided Professor A. and his partners there with critical information and feedback from customers in the United States to improve ANSA and develop a product that is superior to competitive products.

25.   In 1999 BETA CAE Systems S.A. ("BETA-GREECE") was incorporated in Greece by Professor A. and his three partners:  Panagiotis Kouvrakis, Dimitris Angelis and Christos Kolovos.

26.   Upon information and belief, Professor A. owned 25% of the stock in BETA-GREECE.

27.   BETA-GREECE owned the intellectual property associated with the ANSA software.

28.   In 1999 BETA-USA became a distributor for products developed by BETA-GREECE pursuant to a written contract that is renewed annually.

29.   The territory of BETA-USA included all of the Americas, India and Australia.

30.    BETA-USA was active in the India market since 1997, working with its US customers (such as General Motors, Ford and Chrysler/FCA) that had a large presence in India.

31.    BETA-GREECE created other "BETA" companies or partnered with local distributors to distribute its products elsewhere in the world.

32.    In addition to distributing BETA-GREECE products, BETA-USA has developed its own products and provides service and support to its customers.

33.    George and John continued to excel and grow the annual revenue of BETA-USA.  By 2007 BETA-USA's gross revenue was $3.8 million.

34.    Professor A. died in 2007.

35.    After Professor A. died, pursuant to his will, his stock in BETA-USA was transferred as follows:

    a.  51% to his daughter, defendant Jennifer A.

    b.  25% to George.

    c.  24% to John.

36.    After Professor A. died, pursuant to his will, his stock in BETA-GREECE was transferred as follows:

    a.  20% interest in BETA-GREECE to his daughter, defendant Jennifer A.

    b.  5% interest in BETA-GREECE to his nephew, Thomas Chasiotis.

COUZENS, LANSKY, FEALK, ELLIS, ROEDER & LAZAR, P.C.

37.    John became the President and Jennifer became the Chairman of the Board of BETA-USA.

38.    The other BETA-GREECE shareholders (Kouvrakis, Angelis and Kolovos) resented that Professor A. left his stock in BETA-USA to George and John.

39.    BETA-GREECE had no ownership interest in BETA-USA.  However Jennifer was a shareholder in both companies, owning 20% of the stock in BETA-GREECE and a majority interest (51%) in BETA-USA, and she allowed BETA-GREECE to treat BETA-USA as if it were simply a subsidiary of BETA-GREECE, rather than an independent and competitive entity, to the detriment of George and John.

40.    In 2011 BETA-GREECE unilaterally changed BETA-USA's distribution contract to a contract that was more favorable to BETA-GREECE.

41.    Beginning in 2011 BETA-GREECE would purposely delay the new distribution contracts for twelve months or more, so that BETA-USA would operate all year without a contract.  BETA-GREECE would require BETA-USA to sign the new distribution contract retroactively, so that it was forced to adapt to the unilateral changes imposed by BETA-GREECE on very short notice.

42.    Every year BETA-USA's distribution contract would become more favorable to BETA-GREECE and less fair to BETA-USA.

COUZENS, LANSKY, FEALK, ELLIS, ROEDER & LAZAR, P.C.

43.   Despite these actions, George and John continued to excel and grow the annual revenue of BETA-USA. By 2013, BETA-USA's gross revenue was $7.3 million.

44.   In 2013 Jennifer pressured George and John to sign a shareholders agreement that was unfair and provided only for Jennifer's buy out of George and John, not the reverse.  George and John refused to sign this agreement.

45.   Thereafter, Jennifer and BETA-GREECE, working in concert, began a campaign to force George and John out of BETA-USA, without paying them the fair market value of their shares, and to devalue BETA-USA.

46.   Jennifer and BETA-GREECE took steps to make BETA-USA less competitive and reduce its revenues, to the detriment of George and John, while increasing revenue and value for BETA-GREECE and Jennifer's stock in BETA-GREECE.

47.   In 2013 BETA-GREECE and Jennifer unilaterally removed the country of Brazil from BETA-USA's territory and passed all of BETA-USA's customers to a new local distributor without compensation to BETA-USA.

48.   In 2015 BETA-GREECE and Jennifer unilaterally moved all of the General Motors business in India, which BETA-USA had developed, to its own office in Greece.

8

49.   In 2015 BETA-GREECE and Jennifer unilaterally changed the way that BETA-USA was compensated in connection with the Ford account, an account which BETA-USA had developed and which was BETA-USA's second largest account.  Previously, Ford issued purchase orders to BETA-USA, which paid BETA-GREECE royalties of 55% based on Ford's global sales.   BETA-GREECE forced Ford to start issuing purchase orders directly to BETA-GREECE, instead of BETA-USA, and then paid BETA-USA a distribution fee of 45% based on Ford sales in BETA-USA's territory only.

50.   The change to the Ford contract significantly reduced BETA-USA's revenues from software royalties and created a cash flow problem for the company. BETA-GREECE offered a "loan" to BETA-USA that was refused because BETA-USA was able to offset those losses by increasing its revenue from services.

51.   Upon information and belief, in 2016 the shareholders of BETA-GREECE established BETA-SWISS and moved the company's assets (e.g. intellectual property) from Greece to Switzerland.   BETA-GREECE became a wholly-owned subsidiary of BETA-SWISS.

52.   Upon information and belief, Jennifer is a shareholder of BETA-SWISS.

53.   Beginning in 2016, BETA-USA's distribution contract was with BETA-SWISS, not BETA-GREECE.

COUZENS, LANSKY, FEALK, ELLIS, ROEDER & LAZAR, P.C.

54.     At that time, BETA-SWISS had no ownership interest in BETA-USA. However Jennifer was a shareholder in both companies, and she allowed BETA-SWISS to treat BETA-USA as if it were simply a subsidiary of BETA-SWISS, rather than an independent and competitive entity, to the detriment of George and John.

55.     Beginning in 2016, BETA-SWISS, working in concert with Jennifer, continued the campaign to force George and John out of BETA-USA without paying them the fair market value of their shares.

56.     Jennifer and BETA-SWISS took steps to make BETA-USA less competitive and reduce its revenues, to the detriment of George and John, while increasing revenue and value for BETA-SWISS and Jennifer's stock in BETA-SWISS.

57.     In 2018 BETA-SWISS and Jennifer unilaterally and wrongfully reduced BETA-USA's distribution fee for its Ford business in India from 45% to 25%, and for all other customers from 45% to 40%.

58.     In 2018 BETA-SWISS and Jennifer unilaterally moved all of the FCA USA business, which BETA-USA had developed, to BETA-SWISS. BETA-SWISS told FCA USA that it would not honor its purchase orders with BETA-USA and forced FCA to start issuing purchase orders directly to BETA-SWISS, instead of BETA-USA.  Rather than receiving direct payment from FCA, BETA-USA received

COUZENS, LANSKY, FEALK, ELLIS, ROEDER & LAZAR, P.C.

a reduced distribution fee from BETA-SWISS several months later, to the detriment of George and John.

59.    In 2018 BETA-SWISS and Jennifer unilaterally and wrongfully took away all of BETA-USA's remaining business in India, which it had developed, and passed all of BETA-USA's customers to a new local distributor without compensation to BETA-USA.

60.    George and John objected to these actions, but Jennifer acquiesced to these wrongful actions that benefitted BETA-SWISS and prevented BETA-USA from objecting or stopping BETA-SWISS.

61.    These actions by BETA-SWISS and Jennifer resulted in a further reduction of profit for BETA-USA and created financial difficulties for the company. BETA-SWISS "assisted" BETA-USA with its cash flow problem by loaning $2 million to BETA-USA.

62.    In reality, the loan from BETA-SWISS exacerbated BETA-USA's financial difficulties due to the imposition of interest payments and was part of the campaign by Jennifer, BETA-GREECE and BETA-SWISS to force George and John out of BETA-USA without paying them the fair market value of their shares.

63.    In early 2018 BETA-SWISS offered to buy the BETA-USA stock of George and John for a nominal amount claiming BETA-USA was worthless.  George and John refused.

11

64.     George and John's BETA-USA stock was not worthless.  In fact, their interest in the company was highly desirable to BETA-SWISS.

65.     In furtherance of the scheme between Jennifer and BETA-SWISS to force George and John out of BETA-USA, in November 2018 Jennifer sold her BETA-USA stock to BETA-SWISS.

66.     BETA-SWISS stepped into Jennifer's shoes as the majority and controlling shareholder of BETA-USA and continued its campaign to force George and John out of BETA-USA and/or devalue BETA-USA.

67.     After it purchased Jennifer's stock, BETA-SWISS changed BETA-USA's Board of Directors from a three-member Board to a five-member Board.  To replace Jennifer, BETA-SWISS appointed Apostolos ("Paul") Refenes, Apostolos Tsoukalas and Eftychia Thanou as board members, in addition to George and John. Paul Refenes was made Chairman of the Board.

68.     On October 1, 2019, BETA-SWISS, as the majority shareholder, acted to remove George and John from the Board of Directors.

69.     On October 1, 2019, BETA-SWISS, as the majority shareholder, acted unilaterally to approve and adopt restated Bylaws for BETA-USA.

70.     On October 12, 2019, BETA-SWISS, as the majority shareholder, caused BETA-USA to terminate the employment of George and John.

COUZENS, LANSKY, FEALK, ELLIS, ROEDER & LAZAR, P.C.

## COUNT I - SHAREHOLDER OPPRESSION PURSUANT TO MCL 450.1489
## (AGAINST JENNIFER ATHANASIADIS)

71.     Plaintiffs hereby restate and reallege the foregoing paragraphs as if fully set forth herein.

72.     Until November 2018, Jennifer was the person majority shareholder of BETA-USA and the "in control of the corporation" as that term is used in MCL 450.1489.

73.     Jennifer engaged in willfully unfair and oppressive conduct against George and John, minority shareholders, as set forth in this Complaint.

74.     While she was the majority shareholder, Jennifer, with the assistance and at the direction of BETA-GREECE and BETA-SWISS, intentionally acted to make BETA-USA less competitive and reduce its revenue in order to decrease the value of the stock owned by George and John, while increasing revenue and value for BETA-GREECE and BETA-SWISS and Jennifer's stock in BETA-GREECE and BETA-SWISS.

75.     Jennifer, with the assistance and at the direction of BETA-GREECE and BETA-SWISS, acted to the detriment of BETA-USA and the minority shareholders in order to benefit solely BETA-GREECE, BETA-SWISS and Jennifer.

76.     Jennifer did not act in the best interests of BETA-USA, but rather, with the assistance and at the direction of BETA-GREECE and BETA-SWISS, sacrificed BETA-USA's business and devalued it to improve the business of BETA-GREECE

and BETA-SWISS, and to increase the value of BETA-GREECE and BETA-SWISS and Jennifer's stock.

77.     Jennifer, with the assistance and at the direction of BETA-GREECE and BETA-SWISS, denied George and John a proper return on their equity while refusing to buy-out their shares for fair value.

78.     The actions of Jennifer constitute "a continuing course of conduct or a significant action or series of actions that substantially interferes with the interests of the member as a member."

79.     Jennifer acted with the wrongful intent to interfere with George and John's interests as shareholders of BETA-USA.

80.     As a direct and proximate result of Defendants' improper conduct, Plaintiffs have been damaged in an amount far in excess of $75,000.

81.     Plaintiffs are entitled to relief pursuant to MCL 450.1489.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in favor of Plaintiffs for all appropriate relief including but not limited to: (i) an award of damages for the loss of value in Plaintiffs' stock and all other damages due and owing to Plaintiffs, including all costs and attorney fees in this matter; and (ii) ordering the purchase of Plaintiffs' Stock by Defendants and/or BETA-USA for a fair price.

## COUNT II - SHAREHOLDER OPPRESSION PURSUANT TO MCL 450.1489 (AGAINST BETA CAE SYSTEMS INTERNATIONAL AG,)

82.     Plaintiffs hereby restate and reallege the foregoing paragraphs as if fully set forth herein

83.     Since November 2018, BETA-SWISS has been the majority shareholder of BETA-USA and the person "in control of the corporation" as that term is used in MCL 450.1489.

84.     BETA-SWISS has engaged in willfully unfair and oppressive conduct against George and John, minority shareholders, as set forth in this Complaint.

85.     BETA-SWISS intentionally acted to make BETA-USA less competitive and reduce its revenue in order to decrease the value of the stock owned by George and John, while increasing revenue and value for BETA-SWISS.

86.     BETA-SWISS acted to the detriment of BETA-USA and the minority shareholders in order to benefit solely BETA-SWISS.

87.     BETA-SWISS did not act in the best interests of BETA-USA, but rather sacrificed BETA-USA's business to improve the business of BETA-SWISS, and to increase the value of BETA-SWISS.

88.     BETA-SWISS has denied George and John a proper return on their equity while refusing to buy-out their shares for fair value.

89.     BETA-SWISS intentionally, maliciously and without cause removed George and John from the Board of Directors.

COUZENS, LANSKY, FEALK, ELLIS, ROEDER & LAZAR, P.C.

90.    BETA-SWISS intentionally, maliciously and without cause terminated George and John's employment with BETA-USA.

91.    George and John were excellent managers and employees and were directly responsible for growing BETA-USA into a successful business. Removing George and John from the management of BETA-USA was detrimental to the business of the company.

92.    BETA-SWISS removed George and John from the Board of Directors and terminated their employment for the sole purpose of making BETA-USA less competitive and reducing its revenue in order to decrease the value of the stock owned by George and John, while increasing revenue and value for BETA-SWISS.

93.    The actions of BETA-SWISS constitute "a continuing course of conduct or a significant action or series of actions that substantially interferes with the interests of the member as a member."

94.    BETA-SWISS acted with the wrongful intent to interfere with George and John's interests as shareholders of BETA-USA.

95.    As a direct and proximate result of Defendants' improper conduct, Plaintiffs have been damaged in an amount far in excess of $75,000.

96.    Plaintiffs are entitled to relief pursuant to MCL 450.1489.

97.    WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in favor of Plaintiffs for all appropriate relief including but not

limited to: (i) an award of damages for the loss of value in Plaintiffs' stock and all other damages due and owing to Plaintiffs, including all costs and attorney fees in this matter; and (ii) ordering the purchase of Plaintiffs' Stock by Defendants and/or BETA-USA for a fair price.

## COUNT III - BREACH OF FIDUCIARY DUTY
### (AGAINST JENNIFER ATHANASIADIS)

98.    Plaintiffs hereby restate and reallege the foregoing paragraphs as if fully set forth herein.

99.    Jennifer, as the majority shareholder of a closely held corporation, had a duty to exercise good faith and fair dealing in her activities involving the corporation, and to act in the best interests of the corporation and the minority shareholders.

100.   Jennifer breached her fiduciary duty by allowing BETA-GREECE, in which she is also a shareholder, to treat BETA-USA as if it were simply a subsidiary of BETA-GREECE, rather than an independent and competitive entity, to the detriment of George and John.

101.   Jennifer breached her fiduciary duty by allowing BETA-SWISS, in which she is also a shareholder, to treat BETA-USA as if it were simply a subsidiary of BETA-SWISS, rather than an independent and competitive entity, to the detriment of George and John.

COUZENS, LANSKY, FEALK, ELLIS, ROEDER & LAZAR, P.C.

17

102.   Jennifer breached her fiduciary duty by allowing BETA-GREECE, in which she was also a shareholder, to take unilateral actions against its distributor, BETA-USA, that made BETA-USA less competitive and reduced its revenues and value, to the detriment of the minority shareholders and for the benefit of BETA-GREECE.

103.   Jennifer breached her fiduciary duty by allowing BETA-SWISS, in which she is also a shareholder, to take unilateral actions against its distributor, BETA-USA that made BETA-USA less competitive and reduced its revenues and value, to the detriment of the minority shareholders and for the benefit of BETA-SWISS.

104.   Jennifer breached her fiduciary duty by taking actions to devalue BETA-USA and to force George and John out of BETA-USA without paying them fair market value for their shares.

105.   As a direct and proximate result of Defendant's breaches, Plaintiffs have been damaged in an amount far in excess of $75,000.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in favor of Plaintiffs for all appropriate relief including but not limited to: (i) an award of damages for the loss of value in Plaintiffs' stock and all other damages due and owing to Plaintiffs, including all costs and attorney fees in this

matter; and (ii) ordering the purchase of Plaintiffs' Stock by Defendants and/or BETA-USA for a fair price.

## COUNT IV - BREACH OF FIDUCIARY DUTY
## (AGAINST BETA CAE SYSTEMS INTERNATIONAL AG)

106.   Plaintiffs hereby restate and reallege the foregoing paragraphs as if fully set forth herein.

107. BETA-SWISS, as the majority shareholder of a closely held corporation, has a duty to exercise good faith and fair dealing in its activities involving the corporation, and to act in the best interests of the corporation and the minority shareholders.

108.   BETA-SWISS breached its fiduciary duty by taking unilateral actions against its distributor, BETA-USA, which made BETA-USA less competitive and reduced its revenues and value, to the detriment of the minority shareholders, and for the benefit of BETA-SWISS.

109.   BETA-SWISS breached its fiduciary duty by taking actions to devalue BETA-USA and to force George and John out of BETA-USA without paying them fair market value for their shares.

110.   As a direct and proximate result of Defendant's breaches, Plaintiffs have been damaged in an amount far in excess of $75,000.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in favor of Plaintiffs for all appropriate relief including but not limited to:

(i) an award of damages for the loss of value in Plaintiffs' stock and all other damages due and owing to Plaintiffs, including all costs and attorney fees in this matter; and (ii) ordering the purchase of Plaintiffs' Stock by Defendants and/or BETA-USA for a fair price.

## COUNT V - CONSPIRACY

111.   Plaintiffs hereby restate and reallege the foregoing paragraphs as if fully set forth herein.

112.   Defendants illegally, maliciously, and wrongfully conspired with one another to and for the illegal purpose of devaluing BETA-USA and/or forcing George and John out of BETA-USA without paying them the fair market value of their shares.

113.   Defendants illegally, maliciously, and wrongfully conspired with one another to and for the illegal purpose of making BETA-USA less competitive to reduce its revenues while increasing revenue and value for BETA-SWISS.

114.   Defendants, in combination, conspired to personally benefit from such wrongful conduct at the expense of George and John.

115.   The conspiracy resulted in the illegal, unlawful or tortious activity, minority shareholder oppression and breach of fiduciary duty.

COUZENS, LANSKY, FEALK, ELLIS, ROEDER & LAZAR, P.C.

116.   As a result of the conspiracy and Defendants' illegal, wrongful or tortious acts, Plaintiffs have sustained damages, to include diminution in the value of their stock.

117.   Defendants are jointly and severally liable to George and John for all of their damages and injuries.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in favor of Plaintiffs for all appropriate relief including but not limited to: (i) an award of damages for the loss of value in Plaintiffs' stock and all other damages due and owing to Plaintiffs, including all costs and attorney fees in this matter; and (ii) ordering the purchase of Plaintiffs' Stock by Defendants and/or BETA-USA for a fair price.

## COUNT VI - TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP OR EXPECTANCY

118.   Plaintiffs hereby restate and reallege the foregoing paragraphs as if fully set forth herein.

119.   George and John had an advantageous business relationship with Jennifer as the shareholders of BETA-USA.

120.   BETA-SWISS was aware of the business relationship between George, John and Jennifer.

121.   Jennifer was also a shareholder in BETA-SWISS and acted as the primary liaison between BETA-SWISS and BETA-USA.

COUZENS, LANSKY, FEALK, ELLIS, ROEDER & LAZAR, P.C.

122.   BETA-SWISS influenced and controlled Jennifer with respect to her actions as a shareholder of BETA-USA.

123.   BETA-SWISS intentionally and improperly interfered with the business relationship between George, John and Jennifer, inducing a breach, disruption or termination of the business relationship.

124.   BETA-SWISS desired to make BETA-USA less competitive and reduce its revenues, by moving business to BETA-SWISS and/or distributors controlled directly by BETA-SWISS, in order to increase the revenue and value of BETA-SWISS, which would thereby increase the value of Jennifer's stock in BETA-SWISS, to the detriment of BETA-USA and George and John as shareholders.

125.   BETA-SWISS desired to have BETA-USA as a subsidiary of BETA-SWISS, rather than an independent and competitive entity, in order to directly control and profit from BETA-USA's business, which had been developed by George and John.

126.   BETA-SWISS desired to devalue BETA-USA and/or force George and John out of BETA-USA without paying them the fair market value of their shares in order to gain control of BETA-USA.

127.   In order to accomplish these goals BETA-SWISS, acting with malice and without justification, induced Jennifer to favor the interests of BETA-SWISS over the best interests of BETA-USA.

COUZENS, LANSKY, FEALK, ELLIS, ROEDER & LAZAR, P.C.

128.   For example, in the first half of 2018 BETA-SWISS unilaterally and wrongfully reduced BETA-USA's distribution fee for its Ford business in India from 45% to 25% and for all other customers from 45% to 40%.

129.   In the second half of 2018 BETA-SWISS unilaterally and wrongfully took away all of BETA-USA's remaining business in India, which it had developed, and passed all of BETA-USA's customers to a new local distributor without compensation to BETA-USA, and demanded that BETA-USA continue to support the customers in India without compensation.

130.   These actions by BETA-SWISS did in fact cause BETA-USA to be less competitive and reduced its revenues, to the detriment of George and John.

131.   George and John objected to these actions, but, at the direction of BETA-SWISS, Jennifer acquiesced to, and caused BETA-USA to allow, these wrongful actions that benefitted BETA-SWISS, to the detriment of BETA-USA and George and John as shareholders.

132.   BETA-SWISS caused a breakdown in the business relationship between Jennifer, George and John.

133.   As a result of BETA-SWISS's actions, George and John have sustained damages, to include diminution in the value of their stock.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in favor of Plaintiffs for all appropriate relief including but not limited to:

(i) an award of damages for the loss of value in Plaintiffs' stock and all other damages due and owing to Plaintiffs, including all costs and attorney fees in this matter; and (ii) ordering the purchase of Plaintiffs' Stock by Defendants and/or BETA-USA for a fair price.

## DEMAND FOR TRIAL BY JURY

Plaintiffs George Galaitsis and John Skarakis, through their attorneys, Couzens, Lansky, Fealk, Ellis, Roeder & Lazar, P.C., hereby demand trial by jury of all issues and all counts triable by jury in this matter.

Respectfully submitted,

**COUZENS, LANSKY, FEALK, ELLIS,**
 **ROEDER & LAZAR, P.C.**

**By:/s/  David A. Lawrence**
 **David A. Lawrence (P48630)**
 **Sarah Heisler Gidley (P53764)**
**Attorneys for Plaintiffs**
**39395 W. Twelve Mile Road, Suite 200**
**Farmington Hills, MI  48331**
**(248) 489-8600**
**david.lawrence@couzens.com**
**sarah.gidley@couzens.com**

**Dated:   March 2, 2020**

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Mark A. Aiello, Norman C. Ankers and Jeffrey S. Kopp, and

I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  none.

**/s/ David A. Lawrence**
**David A. Lawrence (P48630)**
**39395 W. Twelve Mile Road, Suite 200**
**Farmington Hills, MI  48331**
**Phone: (248) 489-8600**
**E-mail:  david.lawrence@couzens.com**

COUZENS, LANSKY, FEALK, ELLIS, ROEDER & LAZAR, P.C.