UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE GALAITSIS and
GIOANNIS J. (a/k/a JOHN)
SKARAKIS,

          Plaintiffs,

    vs.

BETA CAE SYSTEMS
INTERNATIONAL AG, a Switzerland
Company, and JENNIFER
ATHANASIADIS, an individual,

          Defendants.

Case No. 4:19-cv-13792
Hon. Matthew F. Leitman
Mag. Judge: Michael J. Hluchaniuk

---

David A. Lawrence (P48630)
Sarah Heisler Gidley (P53764)
COUZENS, LANSKY, FEALK,
ELLIS, ROEDER & LAZAR, P.C.
39395 W. Twelve Mile Rd., Suite 200
Farmington Hills, Michigan 48331
(248) 489-8600
david.lawrence@couzens.com
sarah.gidley@couzens.com
*Attorneys for Plaintiffs*

Mark A. Aiello (P43012)
Norman C. Ankers (P30533)
Jeffrey S. Kopp (P59485)
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
313.234.7100
maiello@foley.com
nankers@foley.com
jkopp@foley.com
*Attorneys for Defendant BETA CAE
SYSTEMS INTERNATIONAL AG*

Robert L. Avers (P75396)
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 623-1672
ravers@dickinsonwright.com
*Attorneys for Defendant Jennifer
Athanasiadis*

---

## **DEFENDANT BETA CAE SYSTEMS INTERNATIONAL AG'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant BETA CAE Systems International AG ("Defendant" or "BETA SWISS"), by and through its attorneys, Foley & Lardner LLP, states as follows for its Answer and Affirmative Defenses to the First Amended Complaint by Plaintiffs George Galaitsis and John Skarakis:

## **FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY**

1.     BETA SWISS admits that BETA CAE SYSTEMS U.S.A., INC. ("BETA USA") is a Michigan corporation with its principal office in Farmington, Hills, Oakland County, Michigan. BETA SWISS denies all other allegations contained in paragraph 1 of the Complaint because they are not true.  Not all parties to this action are shareholders of BETA USA.

2.     BETA SWISS admits the allegations contained in paragraph 2 of the Complaint.

3.     BETA SWISS admits the allegations contained in paragraph 3 of the Complaint.

4.     BETA SWISS admits the allegations contained in paragraph 4 of the Complaint.

5.     BETA SWISS admits the allegations contained in paragraph 5 of the Complaint.

2

6.     BETA SWISS lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 of the Complaint.

7.     The allegation in paragraph 7 of the Complaint states a legal conclusion for which an answer is not warranted.

8.     The allegation in paragraph 8 of the Complaint states a legal conclusion for which an answer is not warranted.

9.     BETA SWISS admits the allegations contained in paragraph 9 of the Complaint.

10.    The allegation in paragraph 10 of the Complaint states a legal conclusion for which an answer is not warranted.

11.    BETA SWISS admits the allegations contained in paragraph 11 of the Complaint.

12.    BETA SWISS admits the allegations contained in paragraph 12 of the Complaint.

13.    BETA SWISS admits the allegations contained in paragraph 13 of the Complaint.

## **BACKGROUND**

14.    Defendant BETA SWISS incorporates by reference the answers in all preceding paragraphs as if more fully set forth herein.

15.    BETA SWISS admits to the allegations contained in paragraph 15 of

4816-3027-4736.3

the Complaint.

16.     BETA SWISS denies the allegations contained in paragraph 16 of the Complaint because they are untrue.   Galaitsis and Skarakis were not founding shareholders of BETA USA, they were employees of BETA USA.

17.     BETA SWISS admits the allegations contained in paragraph 17 of the Complaint.

18.     BETA SWISS admits the allegations contained in paragraph 18 of the Complaint.

19.     BETA SWISS admits the allegations contained in paragraph 19 of the Complaint.

20.     BETA SWISS admits the allegations contained in paragraph 20 of the Complaint.

21.     BETA SWISS lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Complaint.

22.     Upon information and belief, BETA SWISS admits the allegations contained in paragraph 22 of the Complaint.

23.     BETA SWISS lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 of the Complaint.

24.     BETA SWISS denies the allegations contained in paragraph 24 of the Complaint because they are untrue.

4816-3027-4736.3

25.    BETA SWISS admits the allegations contained in paragraph 25 of the Complaint.

26.    BETA SWISS admits the allegations contained in paragraph 26 of the Complaint.

27.    BETA SWISS admits the allegations contained in paragraph 27 of the Complaint.

28.    BETA SWISS admits the allegations contained in paragraph 28 of the Complaint.

29.    BETA SWISS denies the allegations contained in paragraph 29 of the Complaint because this was not true at all times relevant to this Complaint.

30.    BETA SWISS lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 of the Complaint.

31.    BETA SWISS admits the allegations contained in paragraph 31 of the Complaint.

32.    BETA SWISS admits the allegations contained in paragraph 32 of the Complaint.

33.    BETA SWISS admits the 2007 gross revenue of BETA USA.  BETA SWISS denies all other allegations in paragraph 33 of the Complaint because they are untrue.  BETA USA never made a profit and BETA USA's growth lagged behind the growth of its peer group.

34.     BETA SWISS admits the allegations in paragraph 34 of the Complaint.

35.     BETA SWISS admits the allegations in paragraph 35 of the Complaint.

36.     BETA SWISS admits the allegations in paragraph 36 of the Complaint.

37.     BETA SWISS admits the allegations in paragraph 37 of the Complaint.

38.     BETA SWISS denies the allegations in paragraph 38 of the Complaint because they are untrue.

39.     BETA SWISS admits that BETA GREECE had no ownership interest in BETA USA.   BETA SWISS denies the remaining allegations contained in paragraph 39 of the Complaint because they are untrue.

40.     BETA SWISS denies the allegations in paragraph 40 of the Complaint because they are untrue.

41.     BETA SWISS denies the allegations contained in paragraph 41 of the Complaint because they are untrue.

42.     BETA SWISS denies the allegations contained in paragraph 42 of the Complaint because they are untrue.

43.     BETA SWISS admits the 2013 gross revenue of BETA USA.  BETA SWISS denies all other allegations in paragraph 43 of the Complaint because they are untrue.  BETA USA never made a profit and BETA USA's growth lagged behind the growth of its peer group.

44.     BETA SWISS lacks knowledge or information sufficient to form a

belief about the truth of the allegations contained in paragraph 44 of the Complaint.

45. BETA SWISS denies the allegations contained in paragraph 45 of the Complaint because they are untrue.

46. BETA SWISS denies the allegations contained in paragraph 46 of the Complaint because they are untrue.

47. BETA SWISS denies the allegations contained in paragraph 47 of the Complaint because they are untrue.

48. BETA SWISS denies the allegations contained in paragraph 48 of the Complaint because they are untrue.

49. BETA SWISS admits that Ford directly paid BETA GREECE and then BETA GREECE would send BETA USA its distribution fee. This was in accordance with the 2014 amended Distribution Agreement signed by both parties regarding Locally Supported Licenses, as it was further complemented by the 2016 amended Distribution Agreement signed by both parties regarding Inter-territorial Licenses. BETA SWISS denies the remaining allegations contained in paragraph 49 of the Complaint because they are untrue.

50. BETA SWISS denies the allegations contained in paragraph 50 of the Complaint because they are untrue.

51. BETA SWISS admits the allegations contained in paragraph 51 of the Complaint.

4816-3027-4736.3

52.     BETA SWISS admits the allegations contained in paragraph 52 of the Complaint.

53.     BETA SWISS admits the allegations contained in paragraph 53 of the Complaint.

54.     BETA SWISS admits that it had no ownership interest in BETA USA at this time, and that Jennifer was a shareholder in both companies.  BETA SWISS denies the remaining allegations in paragraph 54 because they are untrue.

55.     BETA SWISS denies the allegations contained in paragraph 55 because they are untrue.

56.     BETA SWISS denies the allegations contained in paragraph 56 because they are untrue.

57.     BETA SWISS admits that in 2018, BETA SWISS adjusted the distribution fees in accordance with the relevant provision included in the initial 2011 Distribution Agreement, as this was also reinstated in the amendment to the 2011 Distribution Agreement signed by both parties on January 5, 2017, and in alignment with its pricing policy applied uniformly to all of its distributors globally. BETA SWISS denies the remaining allegations contained in paragraph 57 of the Complaint because they are untrue.

58.     BETA SWISS admits that FCA directly paid BETA SWISS and then BETA SWISS would send BETA USA its distribution fee. This was in accordance

with the 2016 amended Distribution Agreement signed by both parties regarding Inter-territorial Licenses. BETA SWISS denies the remaining allegations contained in paragraph 58 because they untrue.

59.     BETA SWISS denies the allegations contained in paragraph 59 of the Complaint because they are untrue.

60.     BETA SWISS denies the allegations contained in paragraph 60 of the Complaint because they are untrue.

61.     BETA SWISS admits loaning BETA USA $2.2 million.  BETA SWISS denies the remaining allegations in paragraph 61 of the Complaint because they are untrue.

62.     BETA SWISS denies the allegations contained in paragraph 62 of the Complaint because they are untrue.

63.     BETA SWISS denies the allegations contained in paragraph 63 of the Complaint because they are untrue.  BETA SWISS offered to purchase 100% of BETA USA's stock, and not just select shares as paragraph 63 implies.

64.     BETA SWISS denies the allegations contained in paragraph 64 because they are untrue.

65.     BETA SWISS admits that it purchased Jennifer's BETA USA stock in November 2018. BETA SWISS denies the remaining allegations contained in paragraph 65 because they are untrue.

4816-3027-4736.3

66.    BETA SWISS admits that after November 2018, it was the majority shareholder of BETA USA. BETA SWISS denies all remaining allegations contained in paragraph 66 because they are untrue.

67.    BETA SWISS admits the allegations contained in paragraph 67 of the Complaint.

68.    BETA SWISS denies the allegations contained in paragraph 68 of the Complaint because they are untrue. Plaintiffs were removed from the Board of Directors on October 12, 2019.

69.    BETA SWISS denies the allegations contained in paragraph 69 of the Complaint because they are untrue.  BETA USA's Bylaws were amended on October 12, 2019.

70.    BETA SWISS denies the allegations contained in paragraph 70 of the Complaint because they are untrue.  BETA USA's Board of Directors terminated Plaintiffs' employment, and not BETA SWISS.

## COUNT I – SHAREHOLDER OPPRESSION PURSUANT TO MCL 450.1489 (AGAINST JENNIFER ATHANASIADIS)

71.    Defendant BETA SWISS incorporates by references the answers in all preceding paragraphs as if more fully set forth herein.

72.    The allegations in this paragraph are against a defendant other than BETA SWISS. BETA SWISS denies the allegations on that basis.

73.    The allegations in this paragraph are against a defendant other than

BETA SWISS. BETA SWISS denies the allegations on that basis.

74.     The allegations in this paragraph are against a defendant other than BETA SWISS. BETA SWISS denies the allegations on that basis.

75.     The allegations in this paragraph are against a defendant other than BETA SWISS. BETA SWISS denies the allegations on that basis.

76.     The allegations in this paragraph are against a defendant other than BETA SWISS. BETA SWISS denies the allegations on that basis.

77.     The allegations in this paragraph are against a defendant other than BETA SWISS. BETA SWISS denies the allegations on that basis.

78.     The allegations in this paragraph are against a defendant other than BETA SWISS. BETA SWISS denies the allegations on that basis.

79.     The allegations in this paragraph are against a defendant other than BETA SWISS. BETA SWISS denies the allegations on that basis.

80.     The allegations in this paragraph are against a defendant other than BETA SWISS. BETA SWISS denies the allegations on that basis.

81.     The allegations in this paragraph are against a defendant other than BETA SWISS. BETA SWISS denies the allegations on that basis.

## COUNT II – SHAREHOLDER OPPRESSION PURSUANT TO MCL 450.1489 (AGAINST BETA CAE SYSTEMS INTERNATIONAL AG)

82.     Defendant BETA SWISS incorporates by reference the answers in all

preceding paragraphs as if more fully set forth herein.

83.     BETA SWISS admits the allegations contained in paragraph 83 of the Complaint.

84.     BETA SWISS denies the allegations contained in paragraph 84 of the Complaint because they are untrue.

85.     BETA SWISS denies the allegations contained in paragraph 85 of the Complaint because they are untrue.

86.     BETA SWISS denies the allegations contained in paragraph 86 of the Complaint because they are untrue.

87.     BETA SWISS denies the allegations contained in paragraph 87 of the Complaint because they are untrue.

88.     BETA SWISS denies the allegations contained in paragraph 88 of the Complaint because they are untrue.

89.     BETA SWISS denies the allegations contained in paragraph 89 of the Complaint because they are untrue.

90.     BETA SWISS denies the allegations contained in paragraph 90 of the Complaint because they are untrue.

91.     BETA SWISS denies the allegations contained in paragraph 91 of the Complaint because they are untrue.

92.     BETA SWISS denies the allegations contained in paragraph 92 of the

4816-3027-4736.3

Complaint because they are untrue.

93.     BETA SWISS denies the allegations contained in paragraph 93 of the Complaint because they are untrue.

94.     BETA SWISS denies the allegations contained in paragraph 94 of the Complaint because they are untrue.

95.     BETA SWISS denies the allegations contained in paragraph 95 of the Complaint because they are untrue.

96.     BETA SWISS denies the allegations contained in paragraph 96 of the Complaint because they are untrue.

WHEREFORE, Defendant BETA SWISS prays that this Honorable Court deny all of the remedies that Plaintiffs request in the Complaint, dismiss Plaintiffs' Complaint with prejudice, award Defendant BETA SWISS all attorney fees and costs that are permissible under the law, and afford BETA SWISS all other relief as the Court deems just and proper.

## COUNT III – BREACH OF FIDUCIARY DUTY (AGAINST JENNIFER ATHANASIADIS)

98.     Defendant BETA SWISS incorporates by reference the answers in all preceding paragraphs as if more fully set forth herein.

99.     The allegations in this paragraph are against a defendant other than BETA SWISS. BETA SWISS denies the allegations on that basis.

4816-3027-4736.3

100.   The allegations in this paragraph are against a defendant other than BETA SWISS. BETA SWISS denies the allegations on that basis.

101.   The allegations in this paragraph are against a defendant other than BETA SWISS. BETA SWISS denies the allegations on that basis.

102.   The allegations in this paragraph are against a defendant other than BETA SWISS. BETA SWISS denies the allegations on that basis.

103.   The allegations in this paragraph are against a defendant other than BETA SWISS. BETA SWISS denies the allegations on that basis.

104.   The allegations in this paragraph are against a defendant other than BETA SWISS. BETA SWISS denies the allegations on that basis.

105.   The allegations in this paragraph are against a defendant other than BETA SWISS. BETA SWISS denies the allegations on that basis.

## **COUNT IV – BREACH OF FIDUCIARY DUTY (AGAINST BETA CAE SYSTEMS INTERNATIONAL AG)**

106.   Defendant BETA SWISS incorporates by reference the answers in all preceding paragraphs as if more fully set forth herein.

107.   The allegation in paragraph 107 of the Complaint states a legal conclusion for which an answer is not warranted.

108.   BETA SWISS denies the allegations contained in paragraph 108 of the Complaint because they are untrue.

4816-3027-4736.3

109.   BETA SWISS denies the allegations contained in paragraph 109 of the Complaint because they are untrue.

110.   BETA SWISS denies the allegations contained in paragraph 110 of the Complaint because they are untrue.

WHEREFORE, Defendant BETA SWISS prays that this Honorable Court deny all of the remedies that Plaintiffs request in the Complaint, dismiss Plaintiffs' Complaint with prejudice, award Defendant BETA SWISS all attorney fees and costs that are permissible under the law, and afford BETA SWISS all other relief as the Court deems just and proper.

## **COUNT V – CONSPIRACY**

111.   Defendant BETA SWISS incorporates by reference the answers in all preceding paragraphs as if more fully set forth herein.

112.   BETA SWISS denies the allegations contained in paragraph 112 of the Complaint because they are untrue.

113.   BETA SWISS denies the allegations contained in paragraph 113 of the Complaint because they are untrue.

114.   BETA SWISS denies the allegations contained in paragraph 114 of the Complaint because they are untrue.

115.   BETA SWISS denies the allegations contained in paragraph 115 of the Complaint because they are untrue.

4816-3027-4736.3

116.   BETA SWISS denies the allegations contained in paragraph 116 of the Complaint because they are untrue.

117.   BETA SWISS denies the allegations contained in paragraph 117 of the Complaint because they are untrue.

WHEREFORE, Defendant BETA SWISS prays that this Honorable Court deny all of the remedies that Plaintiffs request in the Complaint, dismiss Plaintiffs' Complaint with prejudice, award Defendant BETA SWISS all attorney fees and costs that are permissible under the law, and afford BETA SWISS all other relief as the Court deems just and proper.

## COUNT VI – TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP OR EXPECTANCY

118.   Defendant BETA SWISS incorporates by references the answers in all preceding paragraphs as if more fully set forth herein.

119.   BETA SWISS denies the allegations contained in paragraph 119 of the Complaint because they are untrue.

120.   BETA SWISS admits the allegations contained in paragraph 120.

121.   BETA SWISS admits that Jennifer was also a shareholder in BETA SWISS. BETA SWISS denies the remaining allegations in paragraph 121 because they are untrue.

122.   BETA SWISS denies the allegations contained in paragraph 122 because they are untrue.

4816-3027-4736.3

123.   BETA SWISS denies the allegations contained in paragraph 123 because they are untrue.

124.   BETA SWISS denies the allegations contained in paragraph 124 because they are untrue.

125.   BETA SWISS denies the allegations contained in paragraph 125 because they are untrue.

126.   BETA SWISS denies the allegations contained in paragraph 126 because they are untrue.

127.   BETA SWISS denies the allegations contained in paragraph 127 because they are untrue.

128.   BETA SWISS denies the allegations contained in paragraph 128 because they are untrue.

129.   BETA SWISS denies the allegations contained in paragraph 129 because they are untrue.

130.   BETA SWISS denies the allegations contained in paragraph 130 because they are untrue.

131.   BETA SWISS denies the allegations contained in paragraph 131 because they are untrue.

132.   BETA SWISS denies the allegations contained in paragraph 132 because they are untrue.

4816-3027-4736.3

133.   BETA SWISS denies the allegations contained in paragraph 133 because they are untrue.

WHEREFORE, Defendant BETA SWISS prays that this Honorable Court deny all of the remedies that Plaintiffs request in the Complaint, dismiss Plaintiffs' Complaint with prejudice, award Defendant BETA SWISS all attorney fees and costs that are permissible under the law, and afford BETA SWISS all other relief as the Court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant BETA SWISS, by and through its attorneys, Foley & Lardner LLP, state the following Affirmative Defenses:

1.   Plaintiffs fail, in whole or in part, to state a claim upon which relief may be granted.

2.   Plaintiffs' claims against BETA SWISS are improper because Plaintiffs allege no oppressive conduct by BETA SWISS as a shareholder in BETA USA against them.

3.   Plaintiffs' claims are barred, in whole or in part, under the applicable statute of limitations and/or laches.

4.   Plaintiffs' claims are barred, in whole or in part, under the doctrine of unclean hands.

5.   Plaintiffs' claims are barred, in whole or in part, under the doctrine of

4816-3027-4736.3

estoppel.

6.      Plaintiffs' claims are barred, in whole or in part, by Galaitsis' and Skarakis' fraud, misrepresentations, and bad faith.

7.      Plaintiffs' claims are barred, in whole or in part, because Galaitsis' and Skarakis' damages, if any, result from their own breach of their Employment Agreement.

8.      Plaintiffs' claims are barred, in whole or in part, because Galaitsis' and Skarakis' were terminated and removed from the Board of Directors for cause.

9.      Upon information and belief, Plaintiffs' claims are barred, in whole or in part, because of failure to mitigate damages.

10.      Defendant BETA SWISS reserves the right to assert additional or amend its Affirmative Defenses as additional facts become known.

WHEREFORE, Defendant BETA SWISS requests that the Complaint be dismissed with prejudice, and that it be awarded its costs and fees and such other and further relief as the Court may consider appropriate.

4816-3027-4736.3

Respectfully submitted,

**FOLEY & LARDNER LLP**


<u>/s/ Jeffrey S. Kopp</u>
Mark A. Aiello (P43012)
Norman C. Ankers (P30533)
Jeffrey S. Kopp (P59485)
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
313.234.7100
maiello@foley.com
nankers@foley.com
jkopp@foley.com

*Attorneys for Defendant BETA CAE*
*Systems International AG*

Dated:  March 30, 2020

4816-3027-4736.3

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on March 30, 2020 he electronically filed

**Defendant BETA CAE Systems International AG's Answer and Affirmative**

**Defenses to the First Amended Complaint for Damages** with the Clerk of the

Court using the ECF system. Notice of this will be sent to the parties by operation

of the Court's electronic filing system. Parties may access this filing through the

Court's system.

/s/ Jeffrey S. Kopp
Jeffrey S. Kopp (P59485)
Foley & Lardner LLP

4816-3027-4736.3