UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE GALAITSIS and GIOANNIS J. (a/k/a JOHN) SKARAKIS, | Case No. 4:19-cv-13792 |
| | Hon. Matthew F. Leitman |
| Plaintiffs, | Mag. Judge: Michael J. Hluchaniuk |
| vs. | |
| BETA CAE SYSTEMS INTERNATIONAL AG, a Switzerland Company, and JENNIFER ATHANASIADIS, an individual, | |
| Defendants. | |

**DEFENDANT JENNIFER ATHANASIADIS'S RESPONSE IN SUPPORT OF HER MOTION TO DISMISS**
PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant, Jennifer Athanasiadis ("Jennifer") submits this reply brief in support of her Motion to Dismiss Plaintiff's First Amended Complaint.

## I.  INTRODUCTION

Plaintiffs' response brief fails to present any compelling reason why the Motion should not be granted.  The premise of the arguments set forth in Response (and in Plaintiffs' erroneous request for sanctions) are based upon the misguided, and insufficiently pled implication that the actions of BETA-SWISS must be imputed to Jennifer, including allegations as to her subjective intent. The Response

also takes vast liberties with the Federal pleading standards, and Plaintiffs' own pleadings with respect to intent, and other elements of the various claims asserted. Finally, certain arguments set forth in Jennifer's Motion have not even been addressed in the Response, justifying dismissal on the grounds asserted.

## II.  ARGUMENT

**A.  The request for sanctions is based upon the faulty premise that the actions of BETA-SWISS must be imputed to Jennifer.**

First and foremost, Jennifer must address the sanctions request set forth in Plaintiffs' footnote 1. (PageID.262). Jennifer's attorneys conferred with Plaintiffs' counsel, as required. Before even reading the Motion, counsel threatened sanctions if the Motion was filed in a clear attempt to strong-arm Jennifer into withholding the Motion, contrary to the purpose of the conferral rules. The Motion has a proper purpose, and should be granted, with any request for sanctions disregarded.

The argument for sanctions speaks to the flaws in the First Amended Complaint, generally. Plaintiffs note that a motion was previously filed by BETA-SWISS, precipitating the first amendment of the Complaint. Plaintiffs contend that the present Motion is harassing because the Defendants are "closely aligned" but they lose sight of the fact that it is their obligation to allege sufficient facts for each cause of action <u>against each party</u>. They have not done so. They stretch the bounds of logic in concluding that the allegations against Jennifer are sufficient. While she

is a shareholder of BETA-SWISS, her role vis-à-vis the Plaintiffs is different in many respects. There are also numerous arguments in Jennifer's Motion that were not set forth in BETA-SWISS's Motion. Jennifer is well-within her rights to assert her legal defenses, and she is not limited to arguments advanced by another party before she was ever served. The fact that BETA-SWISS chose to answer the First Amended Complaint is a complete red herring. Tellingly, Plaintiffs do not even cite to Fed. R. Civ. P. 11 in their request for sanctions. The mere suggestion of sanctions is a sideshow intended to cast doubt on the merits of the Motion, and should be wholly disregarded.

**B.     Plaintiffs have not adequately pled subjective intent to sustain several claims against Jennifer.**

As noted above, Plaintiffs conflate allegations against BETA-SWISS with allegations against Jennifer. This is no more evident than in the discussion about what has been pled with respect to Jennifer's state-of-mind. As to Jennifer, individually, the allegations necessitate dismissal of claims for shareholder oppression, breach of fiduciary duty, and tortious interference.

**1.     The contention that Plaintiffs need not plead the element of intent is unfounded, and ignores federal pleading standards.**

Apparently recognizing that intent is a required element of a shareholder oppression claim, Plaintiffs suggest that there is a difference between what must be pled, and what must be proven, citing to the procedural posture in *Franks v. Franks*,

3

2019 WL 4648446 (Mich. Ct. App. Sept. 24, 2019), stating that a failure to plead the requisite intent is "legally immaterial." (PageId.269-70).  This is illogical. Under the well-settled standard set forth in *Iqbal* and *Twombly,* dismissal under Rule 12(b)(6) is appropriate when the alleged facts fail to show that the claim for relief is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is not "plausible on its face" if one of the elements that must be proven has not been pled.  See also, *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (a complaint must include "all material elements to sustain recovery").  No matter how it is worded, quite simply, a cause of action cannot be sustained if what must be <u>proven</u> has not been <u>pled</u>.

The procedural posture of *Franks* is irrelevant.  As detailed in the Motion, *Franks* makes clear that subjective intent is a critical element of a shareholder oppression claim.  The conduct alleged must be "done to bring about an unfair and oppressive result." *Id*. at *9.  For reasons detailed herein, Plaintiffs have not sufficiently pled "acts" which connote willful action, and require proof of intent. *Id*.

    **2.    The allegations as to Jennifer's intent are mere threadbare recitations of the elements.**

Despite arguing that intent must not be pled, Plaintiffs nonetheless argue that the fourth element of a shareholder oppression claim was sufficiently pled anyway, citing to only three paragraphs in the First Amended Complaint. (PageID.272) (citing PageID.140-41, ¶¶ 73, 78, 79).  These paragraphs are not sufficient.

4

Paragraph 73 recites the exact language in the statute. Paragraph 78 states only that Jennifer engaged in a "continuing course of conduct" that "interferes with the interests of the member," without further explanation of what Jennifer did, or how or why such conduct was willful. Paragraph 79 is equally lacking, stating only that, "Jennifer acted with the wrongful intent to interfere with George and John's interests as shareholders of BETA-USA." (Page ID.140-41).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Courts are not required to accept as true legal conclusions couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The allegations cited by Plaintiff with respect to this element do not provide even cursory allegations of willfulness, or intentional acts. All they have done is recite the elements. To the extent Plaintiffs rely upon other allegations as to Jennifer's affirmative acts, they readily admit that the purported acts pled against Jennifer were only that she "allowed" conduct by another party, or "acquiesced" to such conduct. Plaintiffs cite no case law supporting that Jennifer can be liable as a mere bystander.

The foregoing requires dismissal of Count I for shareholder oppression. Plaintiffs' acknowledge that the same standard applies to breach of fiduciary duty claims (Count III). Tortious interreference (Count VI) requires an even higher standard – actual malice. This has not been sufficiently pled, either.

### C. Plaintiffs argument that they have adequately alleged harm "as shareholders" lacks merit.

Jennifer's Motion provides legal precedent explaining why Plaintiffs have not actually alleged that they were harmed "as shareholders," which is also a requirement for a shareholder oppression claim. (PageID.243-44). In response, Plaintiffs set forth only a single flimsy argument: that Jennifer refused to pay them fair market value for their shares. (PageID.274). For reasons detailed in the Motion, there is no circumstance in which this can be imputed to Jennifer, and no explanation for how this could be deemed oppressive.

### D. Plaintiff ignores several arguments in Jennifer's Motion, justifying dismissal on those bases.

#### 1. Count V for Conspiracy must be dismissed because of the agent-principal relationship between Defendants.

Section D(2) of the Motion explains why there is no conspiracy because of the agency relationship between Jennifer and BETA-SWISS on all matters alleged. (PageID.247) (citing *Blair v. Checker Cab Co.*, 219 Mich. App. 667 (1996)). Plaintiffs' own allegations state that Jennifer was "controlled by" BETA-SWISS with respect to BETA-USA. (PageID.149, ¶122). If acting on behalf of BETA-SWISS, there can be no conspiracy, and Count V must be dismissed.

#### 2. Count VI for tortious interference alleges interference with Jennifer's relationship with Plaintiffs, and must be dismissed as against her.

Plaintiffs also fail to address arguments as to their tortious interference claim. The allegations concern an interference with Plaintiffs' "advantageous relationship with Jennifer." (PageID.246) (citing PageID.148-49, ¶¶ 119, 120, 123). Jennifer cannot be liable for tortiously interfering with her own relationship.

## IV.   CONCLUSION

WHEREFORE, the Court should grant Defendant Jennifer Athanasiadis's Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and for such other relief deemed appropriate.

Dated: May 29, 2020                             Respectfully Submitted,

DUGGAN BERTSCH, LLC

/s/ Brian C. Konkel
Brian C. Konkel, Esq.
303 W. Madison St., Suite 1000
Chicago, Illinois 60606
Tel: (312) 263-8600
Bkonkel@dugganbertsch.com

Robert L. Avers (P75396)
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
Tel: (734) 623-1672
Ravers@dickinsonwright.com
*Attorneys for Defendant Jennifer Athanasiadis*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 29, 2020 he electronically filed **Defendant Jennifer Athanasiadis's Reply in Support of her Motion to Dismiss Plaintiffs' First Amended Complaint** with the Clerk of the Court using the ECF system. Notice of this will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Brian C. Konkel
Brian C. Konkel, Esq.
DUGGAN BERTSCH, LLC
*One of the Attorneys for
Defendant Jennifer
Athanasiadis*

Dated: May 29, 2020